**KEPNER, KEPNER & CORBA, P.C.**
ATTORNEYS AT LAW
123 West Front Street
Berwick, Pennsylvania 18603
570-752-2766 - Phone
570-752-7894 - Fax

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB R. KELLY, | : | CIVIL ACTION - LAW |
| PLAINTIFF, | : | |
| | : | NO. CV- NO. |
| vs. | : | |
| | : | ELCTRONICALLY FILED |
| AUTOZONERS, INC., | : | |
| DEFENDANT. | : | |
| | : | JURY TRIAL DEMANDED |

---

## COMPLAINT

The Plaintiff, Jacob R. Kelly, by and through his attorneys, Franklin E. Kepner, Jr., Esquire, Franklin Kepner III, Esquire and KEPNER, KEPNER & CORBA, P.C., hereby complain of the Defendant as follows:

1.      The jurisdiction of this Court is invoked pursuant to Section 107 of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 28 U.S.C§§ 1331 and §§ 1343 (a)(3) -(a)(4); and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and

1343, this being an action authorized by law to redress the deprivation of a right, privilege and immunity secured to the Plaintiff by the Constitution of the United States. The Defendant illegally discriminated against the Plaintiff. Further he was sexually and verbally harassed because he suffers from a disability.

3.      The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs.

4.      All actions complained of herein have taken place within the jurisdiction of the United States District for the Middle District of Pennsylvania, and all actions involve the Plaintiff and the Defendant who reside within this jurisdiction or are authorized to do business within this jurisdiction.

5.      During all times germane hereto, the Plaintiff, Jacob R. Kelly ("Kelly"), was a citizen of the United States of America.  During all times mentioned herein, the Plaintiff resided at 523 E 3rd Street, Berwick, Luzerne County, Pennsylvania 18603.

6.      During all times germane hereto, the Defendant AutoZoners, Inc., ("AutoZone"), is a corporation duly registered and authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at 123 South Front Street. Memphis, TN, 38103, with stores thought the country, including Store #1845, where the wrongdoing alleged herein occurred, which is located at 806 W Front Street, Berwick, Columbia County Pennsylvania 18603.

2

7.    During all time germane hereto, Lori Bower ("Bower") was the store manager at the AutoZone #1845 located at 806 W Front Street, Berwick, Columbia County Pennsylvania 18603.

8.    This action has been taken after the Plaintiff received a Notice of a Right-to-Sue from the United States Equal Employment Opportunity Commission. A copy of the said Notice of a Right to Sue is attached hereto and made a part hereof and marked "A."

9.    The Plaintiff was hired by Bower as the Parts Manager for Defendant, AutoZone Store #1845 on or about December 2022. When the Plaintiff was hired, he had a disability of petit mal epilepsy, which became grand mal epilepsy

10.    On or about June 24, 2024, Plaintiff, had an abdominal pain while working at Defendant's store. Plaintiff pleaded to his manager, Bower, to allow him to leave to go to the hospital. Bower allowed Plaintiff to leave, but in a dismissive, annoyed manner. Plaintiff went to the emergency room and was discharged because the doctor suspected kidney stones, at which point he was advised to go to see a urologist. The following day on his way to the urologist, Plaintiff suffered a grand mal seizure. He was immediately taken to the hospital and Lori Bower was notified of the medical emergency by Plaintiff's friend.

11.    When Plaintiff returned to work, he requested light duty from Bower as a result of his disability; which she denied.

3

12. The Plaintiff suffers from epilepsy and was told by his doctor that he could not go up and down ladders and should not be lifting more than five (5) pounds. His neurologist said that the Plaintiff was a fall risk.

13. When the Plaintiff requested light duty at his job, instead of providing accommodations, his employer decided that he should be placed on short-term disability without prior notice to him.

14. The Plaintiff had performed his job in an exemplary manner without any misconducts for over two years.

15. Despite Plaintiff's complaints to the Human Resources Department, nothing was done to provide the Plaintiff with reasonable accommodation.

16. Plaintiff was fired as a result of discrimination from Defendant because of his disability and as a result of retaliation from employer.

## COUNT ONE- AMERICANS WITH DISABILITIES ACT

17. The Plaintiff incorporates by reference all averments set forth in paragraphs one (1) through sixteen (16) above as if set forth at length herein.

18. The Plaintiff suffers from epilepsy.

19. The Plaintiff was able to perform his job with AutoZone provided he received reasonable accommodation.

20. The Plaintiff's disabilities affect a major bodily function and

4

substantially limit one or more of the major life activities.

21.    However, the Plaintiff was capable of performing the essential functions of his job with reasonable accommodation.

22.    As such, the Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act.

23.    At all times relevant hereto, the Defendant knew of Plaintiff's disability.

24.    The Plaintiff sought reasonable accommodation from the Defendant but the Defendant failed and refused to provide such provide accommodation to the Plaintiff.

25.    The Plaintiff was terminated from her job at AutoZone because of his disability and retaliation.

## <u>COUNT TWO- HOSTILE WORK ENVIRONMENT</u>

26.    The Plaintiff incorporates by reference all averments set forth in paragraphs one (1) through twenty-five (25) above as if set forth at length herein.

27.    As set forth previously Defendant Bowers made numerous hostile comments and unwelcoming conduct towards the Plaintiff that created a hostile work environment.

28.    On one occasion, Bower inappropriately tucked Plaintiff's shirt in to his pants, which extended her hand beyond his waist.

29.    Bower could have verbally told Plaintiff to fix his shirt, but instead inappropriately put her hand down the front of his pants without his knowledge or consent. Bowers hands were near his scrotum.

30.   In another other occasion, Bower was heard discussing sexual dreams about Plaintiff with other employees, including dreams in the shower with Plaintiff.

31.    When Plaintiff requested reasonable accommodation to Ms. Bower, her response was "try to have cancer", to minimize the severity of his disability.

32.   All the aforementioned actions and activities by Bower subjected the Plaintiff to a hostile work environment. Plaintiff believes and therefore avers that Bower undertook these actions simply to injure the Plaintiff emotionally and financially.

## COUNT THREE- RETALIATION

33.    The Plaintiff incorporates by reference all averments set forth in paragraphs one (1) through thirty-two (32) above as if set forth at length herein.

34. Even though the Plaintiff was able to complete his job with reasonable accommodation, the Defendant refused to grant such an accommodation and instead opted to put him on short term disability without first consulting with him.

35.  The Plaintiff was left without any money unnecessarily for over

six (6) months from the short-term disability because the company, which provides the short-term disability to Defendant refused to accept the claim.

36. On one occasion, the Plaintiff was reprimanded for going to follow up doctor's appointment for his disability.

37.  The Plaintiff made complaints to human resources, but no action was taken to rectify the situation by the Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Jacob R. Kelly, prays for the following relief:

A.  That the Court award the Plaintiff compensatory damages against the Defendants in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS;

B.  That the Court award the Plaintiff the costs herein and any costs and fees incurred by the Plaintiff in prosecuting this case;

C.  That the Court award the Plaintiff her reasonable attorney's fees;

D.  That the Court award the Plaintiff reasonable expert fees in prosecuting this action;

E.  That the Court award the Plaintiff punitive damages from the Defendants in an amount in excess of SEVENTY THOUSAND ($75,000.00) DOLLARS;

F.   Such other relief as the Court deems necessary and proper.


KEPNER, KEPNER & CORBA, P.C.


BY: /s/ Franklin E. Kepner Jr.
FRANKLIN E. KEPNER, JR., ESQUIRE
123 WEST FRONT STREET
BERWICK, PA  18603
(570) 752-2766
ID #26156

BY: /s/ Franklin E. Kepner, III
FRANKLIN E. KEPNER, III., ESQUIRE
123 WEST FRONT STREET
BERWICK, PA  18603
(570) 752-2766
ID #32315

8